**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ERIC MICHAEL BROWN,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 59763-019,** | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:09-CR-339-AT-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:13-CV-4015-AT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Eric Michael Brown, filed a *pro se* motion to vacate, set aside, or correct conviction or sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. [Doc. 106 in 1:09-cr-339-AT-AJB-1.][1] The Government filed a response in opposition, [Doc. 110], and Movant filed a reply, [Doc. 119]. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.   Background**

In an indictment returned on July 14, 2009, Movant was charged with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (count one); aiding and abetting interference with interstate commerce by robbery, in

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:09-cr-339-AT-AJB-1.

violation of 18 U.S.C. §§ 2 & 1951 (count two); and aiding and abetting use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A) (count three). [Doc. 1.] After the Government spent one day presenting its case-in-chief, Movant pleaded guilty to all three counts on March 24, 2010. [Doc. 48.] On June 22, 2010, the Court sentenced Movant to a total effective term of 145 months imprisonment, followed by five years supervised release. [Doc. 56.] Movant received the same sentence at his resentencing on January 12, 2012. [Doc. 91.]

Movant appealed, and on September 20, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed. [Doc. 102.] Movant executed his § 2255 motion on November 25, 2013. [Doc. 106 at 2.] The Government does not dispute that the § 2255 motion is timely under 28 U.S.C. § 2255(f).

## II.   28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that

2

AO 72A
(Rev.8/82)

could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted). In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

AO 72A
(Rev.8/8
2)

### III. Discussion

In his § 2255 motion and supplement, Movant claims that his counsel, who represented him at trial and on appeal, provided ineffective assistance by failing to (1) "raise a Sixth Amendment claim" (motion, ground one); (2) notify him of his right to seek certiorari (motion, ground two); and (3) explain the charges, relevant law, and plea offer (motion, ground three; supplement, grounds one, two, and three). [Doc. 106 at 1-2; Doc. 111 at 2; *see also* Doc. 116 at 3.] Movant also claims that he is "actually innocent of [a United States Sentencing] Guideline enhancement" (motion, ground four). [Doc. 106 at 2.]

#### A. Ineffective Assistance of Counsel Before Guilty Plea

A criminal defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)).

In the present case, ground three of the § 2255 motion and grounds one, two, and three of the supplement are waived because they concern counsel's assistance before Movant pleaded guilty. Ground one of the motion, regarding an unspecified Sixth Amendment claim, is also waived to the extent that it concerns counsel's assistance before Movant's guilty plea.

Insofar as Movant claims that counsel's alleged ineffectiveness caused Movant to plead guilty involuntarily, Movant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

5

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 Fed. Appx. 992, 997 (11th Cir. Aug. 9, 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. June 10, 2014) (same).

Movant claims that counsel provided ineffective assistance by failing to explain the charges, relevant law, and plea offer. [Doc. 106 at 1; Doc. 111 at 2.] However, Movant indicated during the plea colloquy that he (1) understood the charges and the consequences of pleading guilty, and (2) was "very satisfied" with counsel. [Doc. 66 at 5-8.] Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 Fed. Appx. 918, 919 (11th Cir.

6

Apr. 13, 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 Fed. Appx. at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.' ") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (holding that defendant bears heavy burden to show that his statements under oath at plea colloquy were false). Movant has not produced any evidence to meet his heavy burden. Therefore, Movant is not entitled to relief as to his grounds of ineffective assistance of counsel before the guilty plea. *See Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. Nov. 1, 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

### B. Ineffective Assistance of Counsel After Guilty Plea

Ground one of the § 2255 motion, regarding the failure to raise an unspecified Sixth Amendment claim, may concern counsel's assistance on appeal. However, Movant's failure to specify his Sixth Amendment claim precludes review. "*Pro se* pleadings must be liberally construed, though the courts may not serve as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an

7

action." *Sec'y, Fla. Dep't of Corr. v. Baker*, 406 Fed. Appx. 416, 422 (11th Cir. Dec. 27, 2010) (per curiam) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Movant is not entitled to relief as to ground one of the motion.

Ground two of the motion concerns counsel's alleged failure to notify Movant of his right to seek certiorari. Counsel is not required "to inform his client of his right to proceed with a discretionary appeal." *Flores-Cruz v. United States*, Nos. 1:11-cr-203-ODE-GGB & 1:12-cv-4200-ODE-GGB, 2013 WL 5282440 at *8 (N.D. Ga. Sept. 16, 2013) (citing cases).[2] Movant was also not prejudiced, as there is no indication that the United States Supreme Court would have chosen to review his case. *See id.* at *9. Accordingly, Movant is not entitled to relief as to ground two of the motion.

### C. Actual Innocence of Sentencing Enhancement

Ground four of the § 2255 motion concerns Movant's "[actual innocence] of [a

---

[2] In *Sessions v. United States*, 416 Fed. Appx. 867, 869 (11th Cir. Mar. 3, 2011), the Eleventh Circuit "decline[d] to address the hypothetical question of whether it might constitute ineffective assistance of counsel for an attorney to fail to advise a client of his right to file a petition for a writ of certiorari in violation of the Criminal Justice Act Plan where the client asserts that he would have filed such a petition if he had been informed."

United States Sentencing] Guideline enhancement." [Doc. 106 at 2.] Movant raised the enhancement on appeal, and the Eleventh Circuit rejected his claim. [*See* Doc. 102 at 2-4.] "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)). Accordingly, Movant is not entitled to relief as to ground four of the motion.

## IV.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*,

529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the § 2255 motion to vacate, set aside, or correct sentence, [Doc. 106], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:13-cv-4015-AT-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the

10

AO 72A
(Rev.8/82)

undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  6th   day of May, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE