**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC MICHAEL BROWN, | : | MOTION TO VACATE |
| BOP Reg. # 59763-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:09-CR-339-AT-AJB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-4015-AT |

## **ORDER**

This case is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [120] and Movant's objections [124]. The Magistrate Judge recommends that the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [106] be denied and a certificate of appealability be denied. (Doc. 120 at 10.)

The district court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

First, Movant objects that an evidentiary hearing is needed to resolve his claims that "counsel was ineffective for failing to advise [Movant] about the sentencing guidelines and law of conspiracy." (Doc. 124 at 1, 4.) Movant indicates that "he would

have [pleaded] guilty [earlier] had he been [properly] advised." (*Id.* at 3; *see also* Doc. 111 at 3.)  Movant pleaded guilty after the Government spent one day presenting its case-in-chief. (Doc. 120 at 2.)  As the Magistrate Judge explained, Movant (1) waived his claims of ineffective assistance before his guilty plea, and (2) pleaded guilty voluntarily. (*Id.* at 4-7.)  The Magistrate Judge correctly (1) evaluated grounds one and three of the § 2255 motion and grounds one, two, and three of Movant's supplement, and (2) determined that an evidentiary hearing was not needed.  (*Id.* at 3-8.)

Second, Movant objects that counsel was ineffective for failing to explain Movant's right to seek certiorari.  (Doc. 124 at 5-6.)  As the Magistrate Judge indicated, (1) most courts have decided that counsel is not required to inform the client of his right to file a discretionary appeal, and (2) Movant was not prejudiced because he failed to show that the United States Supreme Court would have chosen to review his case and decided it differently.  (Doc. 120 at 8.)  The Magistrate Judge correctly evaluated ground two of the § 2255 motion.  (*Id.*)

Third, Movant objects regarding his "actual innocence of [a] sentencing enhancement."  (Doc. 124 at 6.)  However, Movant indicates that he is actually challenging the inclusion of his guilty plea under Georgia's First Offender Act in the calculation of his criminal history points at sentencing.  (*Id.* at 7-8.)  Movant raised that issue on appeal, but the Eleventh Circuit rejected his claim.  (Doc. 102 at 5-7.)  As

2

the Magistrate Judge explained, a claim rejected on direct appeal cannot be re-litigated in a § 2255 action. (Doc. 120 at 9.) The Magistrate Judge correctly evaluated ground four of the § 2255 motion. (*Id.*)

Movant also contends that counsel was ineffective for failing to (1) "[present] any argument" in the district court regarding the inclusion of Movant's guilty plea under Georgia's First Offender Act in the calculation of his criminal history points, and (2) argue that issue differently on appeal. (Doc. 124 at 8-9.) Because Movant did not include those claims of ineffective assistance in his grounds for § 2255 relief, the Court has discretion to decline to consider them now. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Even if the Court considers those claims, they fail because (1) counsel in fact argued in the district court against the inclusion of Movant's guilty plea under Georgia's First Offender Act in the calculation of his criminal history points (*see* Doc. 98 at 6), and (2) there is no indication that the Eleventh Circuit would have decided Movant's appeal differently if counsel had presented an alternative argument (*see* Doc. 102 at 7).

**IT IS ORDERED** that Movant's objections [124] are **OVERRULED** and the Magistrate Judge's R&R [120] is **ADOPTED** as the Opinion and Order of this Court. The § 2255 motion to vacate, set aside, or correct sentence [106] is **DENIED** and a certificate of appealability is **DENIED**. The Clerk is **DIRECTED** to close civil action number 1:13-cv-4015-AT.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED**, this 18th day of August, 2015.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE